UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IAN F.,

                Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

CASE NO. C18-5257-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

    Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

    Plaintiff was born on XXXX, 1987.[1] He has a high school diploma, and has worked as a

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

fast-food cook and cashier, customer service representative, and retail sales clerk. (AR 331, 360-69.)

Plaintiff applied for DIB and SSI in March 2014 and October 2014, respectively. (AR 298-99, 302-08.) Those applications were denied and Plaintiff timely requested a hearing. (AR 219-21, 228-47.)

On July 18, 2016, ALJ S. Andrew Grace held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 120-62.) On November 9, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 22-34.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on January 29, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 2011, the alleged onset date. (AR 24.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's Kawasaki disease, coronary artery disease status post coronary artery bypass, chronic pain syndrome, anemia, recurrent aphthous stomatitis, and asthma. (AR 25-26.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR

26-27.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a range of sedentary work, with additional limitations: he can lift 10 pounds occasionally and less than 10 pounds frequently, and must change position from sit/stand or stand/sit approximately every 30 minutes at the workstation. He cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, stoop, kneel, and crouch. He cannot crawl. He must avoid concentrated exposure to extreme temperatures, wetness, humidity, vibrations, pulmonary irritants, and hazards. (AR 27.) With that assessment, the ALJ found Plaintiff able to perform past relevant work as a customer service representative. (AR 33.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ proceeded to step five in the alternative, and found that Plaintiff could transition to other occupations, such as fishing reel assembler. (AR 33-34.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

2002).

Plaintiff argues the ALJ erred in (1) assessing certain medical evidence and opinions, and (2) discounting his subjective symptom testimony.[2]  The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Medical evidence

Plaintiff argues that the ALJ erred in assessing certain medical opinions, each of which the Court will address in turn.

Legal standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons.  *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751).  Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 14 at 19.  Accordingly, these issues will not be analyzed separately.

than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Wayne Hurley, M.D.

Dr. Hurley, a non-examining State agency provider, opined in September 2012 that Plaintiff was limited to less than sedentary work. (AR 650-52.) The ALJ's decision is inconsistent with Dr. Hurley's opinion because the ALJ found that Plaintiff could lift/carry 10 pounds occasionally, but Dr. Hurley found that he could not lift/carry 10 pounds. (AR 27, 651.)

The ALJ's decision, however, purports to credit Dr. Hurley's opinion as consistent with an evaluation that Plaintiff could perform sedentary work. (AR 31.) The ALJ's description of Dr. Hurley's opinion does not match the content of Dr. Hurley's opinion, however: the ALJ describes Dr. Hurley's opinion as finding that Plaintiff was capable of light work. (AR 31-32.) The ALJ also describes other parts of "Dr. Hurley's opinion" that are not actually contained in Dr. Hurley's opinion. (AR 31-32.)

The Commissioner contends that when the ALJ refers to "Dr. Hurley's opinion" he actually meant the opinion of State agency reviewer Olegario Ignacio, Jr., M.D. Dkt. 15 at 12. But the ALJ had previously discussed Dr. Ignacio's opinion and explained that he discounted it because the more recent record showed that Plaintiff was more restricted than Dr. Ignacio believed. (AR 31.) Thus, if the Court interprets the ALJ's decision in the manner suggested by the Commissioner, it would appear that the ALJ both discounted Dr. Ignacio's opinion as inconsistent with more recent records *and* cited Dr. Ignacio's opinion as a reason to discount other older opinions. Because of this confusion, the Court disagrees with the Commissioner's contention that it is "evident" that the ALJ's decision contains merely a scrivener's error. On remand, the ALJ shall reconsider these portions of the decision and clarify the assessment of the opinions of Drs. Ignacio and Hurley, and reconsider whether either of those opinions are relevant to an evaluation of the

2011-12 opinions.

Cordelia Dickinson, M.D., and Jill Fuller, D.O.

Drs. Dickinson and Fuller, both treating physicians, completed form opinions in 2011 and 2012, respectively, indicating that Plaintiff could not perform even sedentary work. (AR 437-38, 645-49.) The ALJ discounted these opinions as inconsistent with more recent treatment notes, and explained that the opinions were "remote in time" (when compared with Plaintiff's application date) and unexplained. (AR 31.)

These reasons are not legitimate. It is not clear why the ALJ compared the opinions to more recent treatment notes, rather than with the contemporaneous treatment notes, given that the doctors wrote the opinions in light of the contemporaneous treatment rather than future treatment. The ALJ's decision indicates that the ALJ did not focus on the 2011-12 treatment record because it predated Plaintiff's eligibility for benefits (AR 28), but one effect of this focus is that the ALJ highlighted records where Plaintiff apparently improved, rather than considering the record as a whole.[3] *See Reddick*, 157 F.3d at 722-23 (9th Cir. 1998) ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports.").

Furthermore, because Plaintiff alleged that he was disabled as of June 1, 2011, Dr. Dickinson's July 2011 opinion and Dr. Fuller's September 2012 opinion pertain to an evaluation of Plaintiff's allegation that his disability began on that date. Although it appears that the parties agree that these opinions predate the earliest time in which Plaintiff could have been found eligible

---

[3] Furthermore, the ALJ's decision is somewhat internally inconsistent about whether Plaintiff improved, because the ALJ states that both (1) the 2011-12 records are not significantly different from those described in a 2011 ALJ decision finding Plaintiff not disabled, and (2) Plaintiff's RFC was more restricted in the current adjudicated period when compared to the time period covered by the 2011 ALJ decision. (AR 22, 28.)

for benefits (Dkt. 15 at 10, Dkt. 16 at 2), whether he was disabled during this earlier period is still relevant because, according to Plaintiff's reply brief[4], it could impact the monthly amount of benefits. Dkt. 16 at 2.

In any event, on remand, the ALJ should reconsider the 2011 and 2012 opinions of Drs. Dickinson and Fuller in light of the record as a whole, rather than cherry-picking treatment notes from a narrower time period that apparently contradict the opinions. Furthermore, because the ALJ's decision is unclear as to what evidence is being cited as inconsistent with these opinions (see discussion of Dr. Hurley's opinion, *supra*), the ALJ shall reconsider that portion of the assessment of the opinions of Drs. Dickinson and Fuller as well.

<u>Kathryn Norfleet, M.D., and Dan Neims, Psy.D.</u>

Drs. Norfleet and Neims performed mental evaluations of Plaintiff in February 2014 and October 2014, respectively. (AR 729-34, 1690-1709.) Dr. Norfleet found Plaintiff to be much less restricted than Dr. Neims, and the ALJ gave significant weight to Dr. Norfleet's opinion and limited weight to Dr. Neims' opinion. (AR 32.) The ALJ cited Dr. Norfleet's contrary opinion and testing, as well as Plaintiff's lack of mental health treatment as reasons to discount Dr. Neims' opinion. (*Id.*)

Plaintiff argues that these reasons are not legitimate because Dr. Neims' opinion was based on his own evaluation, rather than Dr. Norfleet's. Dkt. 14 at 5. That may be true, but the ALJ did not err in comparing Dr. Neims' findings and conclusions with other findings in the record. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). Furthermore,

---

[4] Plaintiff cites no authority for this proposition.

the record reflects limited treatment for mental symptoms, which is inconsistent with the significant limitations described by Dr. Neims. These are specific, legitimate reasons to discount Dr. Neims' opinion.

Plaintiff also posits that Dr. Norfleet's status as a psychiatrist (as opposed to a psychologist) could explain the differences between her opinion and Dr. Neims' opinion, as well as the fact that the evaluations were performed 10 months apart. Dkt. 14 at 5. These alternative interpretations are not the only reasonable interpretation of the evidence, and are also not particularly persuasive. Plaintiff has not shown that the ALJ's interpretation of the opinions was unreasonable, and therefore the ALJ's assessment of them is not disturbed.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's testimony for three reasons: (1) the objective evidence confirms that Plaintiff experienced chest pain, but does not corroborate the severe symptoms described by Plaintiff, and instead shows improvement with pain medication; (2) Plaintiff's activities contradict his allegations; and (3) the record contains evidence of noncompliance with treatment/medications and drug-seeking behavior. (AR 30-31.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

As to the ALJ's first reason, Plaintiff argues that the ALJ erred in discounting his testimony based on lack of corroboration because that constitutes application of the "objective evidence test." Dkt. 14 at 14. It is true that an ALJ may not cite solely objective evidence to discount a claimant's testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the

claimant's pain and its disabling effects."). But the ALJ here did not solely rely on lack of corroboration in the objective medical record: the ALJ also cited evidence that Plaintiff's chest pain improved with treatment. (AR 28-29 (citing AR 965 (Plaintiff reports that pain medication is 75-100% effective in resolving his pain in July 2013), 1804 (Plaintiff reports that his pain medication controls his pain in August 2015), 2049 (Plaintiff's episode of atypical chest pain resolved with pain medication in December 2015)).) This evidence of improvement with treatment is a clear and convincing reason on its own to discount Plaintiff's allegations of disabling chest pain. *See* AR 129-31 (Plaintiff's hearing testimony about his chest pain); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

The ALJ also properly relied on evidence that Plaintiff's activities demonstrate that he was more functional than alleged. (AR 28.) Although Plaintiff argues that his activities do not justify rejecting specific portions of his testimony, such as his medication side effects, his need to change positions, or his exercise tolerance (Dkt. 14 at 15), the ALJ did not claim that Plaintiff's activities contradicted his testimony in those ways. The ALJ found that Plaintiff's self-reported activities contradicted his testimony about the limiting effects of his symptoms, because they demonstrated that he was capable of performing sedentary work, as long as he had the ability to change positions every 30 minutes, "despite his testimony to the contrary." (AR 28-30.)

Furthermore, the ALJ cited evidence that Plaintiff had been noncompliant with his treatment and/or engaged in drug-seeking behavior that undermined his allegations of disabling impairments. (AR 30-31.) Plaintiff argues that this evidence shows only that he has "limited insight and judgment" (Dkt. 14 at 16), and that could be one interpretation of the evidence, but the ALJ reasonably found that the evidence instead undermined his allegations of disabling pain.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

*Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (ALJ properly considered evidence of exaggeration of pain to receive pain medication in assessing a claimant's allegations); *Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (holding that an unexplained failure to comply with treatment recommendations can undermine a claimant's allegations of disability).

The ALJ provided clear and convincing reasons to discount Plaintiff's testimony. Because this case must be remanded for other reasons discussed *supra*, the ALJ may revisit these findings to the extent necessary on remand.

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this <u>8th</u> day of March, 2019.

Mary Alice Theiler
United States Magistrate Judge